**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN CHAVEZ, JR., | ) | CASE NO. 4:13 CV 1122 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* Petitioner Juan Chavez, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 2.) Chavez is currently incarcerated in the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton") and names the United States as Respondent. He asserts that: (1) his sentence was enhanced in violation of his plea agreement; (2) his sentence should not have included a gun enhancement because the Government dismissed the gun charge in exchange for his guilty plea; and (3) his sentence should have been reduced for acceptance of responsibility. (*Id.*) For the reasons set forth below, the Petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243.

### I. Background

On April 8, 2003, Chavez was indicted in the United States District Court for the Western District of Texas on charges of possession with intent to distribute cocaine (Count One), and carrying a firearm during the commission of a drug trafficking crime (Count Two). *See United States v. Chavez*, No. W-03-CR-082 (W.D. Tex. 2003). On August 18, 2003, pursuant to a written

plea agreement, which included a waiver of appeal, Chavez agreed to plead guilty to Count One of the indictment. The district court accepted Chavez's guilty plea on August 21, 2003, and on November 12, 2003, the court sentenced Chavez to 188 months' imprisonment. Chavez did not file a direct appeal.

In 2004, Chavez filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, asserting trial counsel was ineffective in failing to file a direct appeal and that his sentence violated *Blakey v. Washington*, 542 U.S. 296 (2004). *See Chavez v. United States*, No. W-04-CA-376 (W.D. Tex. 2004). The district court denied the motion on the merits and Chavez appealed the denial to the Fifth Circuit Court of Appeals. The Fifth Circuit vacated the district court's judgment and remanded the action for an evidentiary hearing with respect to Chavez's ineffective-assistance-of-counsel claim. *See United States v. Chavez*, 271 F. App'x 391, 2008 WL 794492, at *1 (5th Cir. Mar. 24, 2008). On remand the district court again denied relief. *See Chavez*, No. W-04-CA-376, *supra*, (Doc. 118) (W.D. Tex. Dec. 17, 2008). Chavez's subsequent appeal was dismissed for failure to timely order transcripts.

In 2012, Chavez filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Texas. *See Chavez v. United States*, No. 6:12-cv-00289-WSS (W.D. Tex. filed on October 26, 2012). The Texas district court found that it lacked jurisdiction to entertain Chavez's § 2241 petition, construed the petition as a successive § 2255 motion, and dismissed the action on the grounds that Chavez failed to receive permission from the Fifth Circuit to file a successive motion. Chavez did not file an appeal from the dismissal.

Rather, Chavez filed a motion in the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) seeking an order authorizing the district court to consider a second or successive motion.

*See In re: Juan Chavez, Jr.,* No. 13-3030 (6th Cir. filed on Jan. 11, 2013). The Government filed a response to the motion, arguing Chavez must obtain authorization from the Fifth Circuit to file a successive § 2255 motion and, in the alternative, that Chavez had not met the requirements for § 2244. Chavez replied that he was attempting file a § 2241 petition, not a successive § 2255 motion. On May 17, 2013, the Sixth Circuit denied Chavez's motion as "unnecessary" on the grounds that a federal prisoner is not required to obtain prior authorization before filing a § 2241 and transferred his Petition to this Court. (Doc. 1.)

Chavez's Petition first contends the prosecutor "deliberatively and [purposefully] used enhancements that she should've never used to enhance [his] sentence." (Doc. 2 at 10.) Namely, he argues because the prosecutor agreed to drop the gun charge against him in exchange for his guilty plea on the drug charge, the firearms enhancement applied by the sentencing court was "illegal" and as a consequence he is "doing extra time illegally." (*Id.*)

Second, the Petition asserts that the United States Senior Probation Officer in charge of drafting Chavez's Presentence Investigation Report made irrelevant inquiries into who Chavez's drug supplier was, and when he refused to answer, wrongfully "decided not to give [him] the Two points for acceptance of [responsibility]." (*Id*. at 11.)

Finally, the Petition acknowledges that Petitioner previously presented these same grounds in his § 2255 motion, but "as a remedy action that was to no avail. Because before it was even review[ed] by the judge it was denied." (*Id*.)

## II.  Standard of Review

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an

application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Jones v. Russell*, 396 F.2d 797 (6th Cir. 1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965). *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906, 91 S. Ct. 147 (1970). Petitioner has not met his burden.

### III. Discussion

A petition for a writ of habeas corpus under § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas corpus proceeding brought under § 2241 is the proper mechanism for a prisoner to challenge the execution of his sentence or the "fact or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); see also *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001). However, when a federal prisoner seeks to challenge his conviction or the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. See 28 U.S.C. § 2255(e); *Charles*,

180 F.3d at 755–56. Section 2255 provides a safety valve wherein federal prisoners may bring a § 2241 claim challenging their conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 209 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Peterman*, 249 F.3d at 462 ("[C]laims do not fall within any arguable construction of . . . [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); *Charles*, 180 F.3d at 756–57 (collecting cases); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin*, 319 F.3d at 804; *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137, 150-151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive

manner).

In the past, those prisoners who have obtained review of actual-innocence claims under the savings clause did so because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate. *See In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). In this case, Chavez has, in fact, already filed an unsuccessful motion to vacate or set aside his sentence.

Moreover, Chavez has failed to show actual innocence in relation to his challenge to the trial court's sentencing enhancements and that court's failure to award a reduction for acceptance of responsibility. His challenges do not involve a claim that the Supreme Court has redefined as 'noncriminal' the conduct underlying his convictions. *See, e.g., Bailey*, *supra*. Indeed, Chavez does not assert he is actually innocent of the offenses of which he was convicted, nor does he cite a retroactive Supreme Court decision that establishes his innocence. Instead, Chavez claims only that his sentence of imprisonment was improperly enhanced in violation of his plea agreement. Claims of sentencing error, however, may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman*, 325 F.3d at 724 (citing *Peterman*, 249 F.3d at 462).

Ultimately, the duration of Chavez's sentence is not the proper subject of a petition for habeas corpus relief under § 2241. The Sixth Circuit has never extended the savings clause to § 2241 petitioners, like Chavez, who raise challenges to sentencing enhancements. *See e.g., Contreras v. Holland*, 487 F. App'x 287, 288 (2012) (challenge to sentencing enhancement under 18 U.S.C. §§ 841 and 846 not cognizable under § 2241) (citing *Capaldi*, 135 F.3d at 1123); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343

(6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.") (citing *Peterman*, 249 F.3d at 462); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (declining to grant § 2255 relief on a defaulted claim of sentencing error because there was no "breakdown of the trial process"). *See also*, *Drumwright v. United States*, No. 4:12cv1428, 2012 WL 5205802 (N.D. Ohio Oct. 22, 2012) (holding that challenge to sentence enhancement based upon prior state conviction is not cognizable under § 2241); *Landt v. Farley*, No. 4:12CV0740, 2012 WL 4473209 (N.D. Ohio Sept. 26, 2012) (same); *Baldwin v. United States*, 412 F. Supp. 2d 712 (N.D. Ohio 2005). Consequently, Chavez has failed to demonstrate that his remedy under § 2255 is inadequate or ineffective and his § 2241 claims as to his enhanced sentence are insufficient to invoke the savings clause.

### IV. Conclusion

For all the reasons set forth above, the Petition for Writ of Habeas Corpus is denied, and this case is DISMISSED pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

|  |  |
|---|---|
| Date: *October 31, 2013* | */s/Dan Aaron Polster*<br>DAN AARON POLSTER<br>UNITED STATES DISTRICT JUDGE |